# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-50247
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID MANUEL GARCIA,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-71-1

————————————————————

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

David Manuel Garcia appeals from his conviction for engaging in illicit sexual conduct in a foreign place as prohibited under 18 U.S.C. § 2423(c). On appeal, he argues that § 2423(c) is unconstitutional because it exceeds congressional authority to regulate interstate and foreign commerce. Although he unsuccessfully moved in district court to dismiss the

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

indictment, his motion was not based on the same constitutional grounds he raises now.  We review unpreserved constitutional challenges for plain error only.  *See United States v. Jones*, 88 F.4th 571, 572 (5th Cir. 2023).

In support of this challenge, Garcia relies on *United States v. Morrison*, 529 U.S. 598 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995). However, he admits that this is an issue of first impression in this court. Because Garcia is not relying on any cases involving § 2423(c), he cannot show plain error on this basis.  *See United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012) (holding that "an error is not plain if it requires the extension of precedent").

Accordingly, the district court's judgment is AFFIRMED.